

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-15-427

|  |  |  |
|---|---|---|
| ARDWIN SYLVESTER | | **Opinion Delivered** October 21, 2015 |
| APPELLANT | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [No. CR-2014-633] |
| V. | | |
| | | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS | | |
| APPELLEE | | AFFIRMED |

## LARRY D. VAUGHT, Judge

On April 16, 2015, appellant Ardwin Sylvester was convicted by a jury in the Sebastian County Circuit Court of felon in possession of a firearm and sentenced to forty years in the Arkansas Department of Correction. On appeal, Sylvester argues that the trial court erred by denying his motion to suppress his statement to police, claiming that it was taken in violation of his right to have counsel present. We affirm.

On July 9, 2014, Sylvester was charged with aggravated robbery, kidnapping, rape, and felon in possession of a firearm. Sylvester moved to sever the charge of felon in possession of a firearm, which was granted by the trial court. Prior to trial on the felon-in-possession-of-a-firearm charge, Sylvester filed a motion to suppress a statement he had made to police during an interview, alleging that it was taken after he had requested to have counsel present.

A hearing on the motion took place on April 15, 2015. Hayes McWhirter, a criminal investigator with the Arkansas State Police, testified that he conducted Sylvester's interview at the Sevier County Sheriff's Office in DeQueen after Sylvester had been arrested for kidnapping. He indicated that Zane Butler, an investigator with the Ashdown Police Department, was also present during the interview. McWhirter stated that he read Sylvester his rights and talked with him about his rights, which was recorded. He indicated that Sylvester also initialed and signed the *Miranda* rights form. The recording was played at the hearing.

The abstracted transcript of the recording indicates that when McWhirter asked if Sylvester had anything to tell him, Sylvester replied,

> I ain't gonna say anything until I can figure out what you are going to charge me with. I am going to be charged with kidnapping and what else? I don't know why I am going to be charged with a sexual offense. Yeah, yeah --- yeah, I will have to get a lawyer present.

McWhirter then asked Sylvester what happened in Fort Smith, and Sylvester responded, "Nothing happened in Fort Smith. I told her to scoot over and let me drive." McWhirter asked Sylvester whether he had a gun on him, and Sylvester replied, "Yes. Nothing sexual took place. I was driving. I want a lawyer present during questioning. All this has gone AWOL. It's best to have a lawyer present." At this point, the interview was stopped.

When questioned about the interview, McWhirter testified that he listened to the recording several times and did not notice the first time Sylvester mentioned a lawyer until he read the transcript, adding that he wears a hearing aide. He stated that the only time he heard Sylvester say anything about a lawyer was at the end when he stopped the interview.

SLIP OPINION

McWhirter testified that, based on his forty-three years of experience, he did not think that Sylvester was asking for a lawyer when he first mentioned a lawyer, saying "[Y]eah, yeah --- yeah, I will have to get a lawyer present."

After the testimony of McWhirter, Sylvester's counsel argued that Sylvester's statement was an unambiguous request for counsel and that it should be suppressed. The prosecutor responded that Sylvester never made it clear to McWhirter because he mumbled it under his breath and was not facing McWhirter when he made the statement. In denying the motion, the trial court stated that the case was similar to *Baker v. State*, 363 Ark. 339, 343–44, 214 S.W.3d 239, 242 (2005), in that Sylvester's statement was a prospective response, indicating "that he might need an attorney in the foreseeable future." The trial court found that Sylvester's statement was prospective and denied the motion to suppress.

On appeal, Sylvester argues that the trial court erred in denying appellant's motion to suppress his statement made to police. In reviewing a trial court's ruling on a motion to suppress, this court makes an independent determination based on the totality of the circumstances but will reverse the decision only if it is clearly against the preponderance of the evidence. *Dodge v. State*, 2013 Ark. App. 247, at 6, 427 S.W.3d 149, 152.

The United States Supreme Court has made it clear that when invoking the *Miranda* right to counsel, the accused must be unambiguous and unequivocal. *Baker*, 363 Ark. at 343–44, 214 S.W.3d at 242 (citing *Edwards v. Arizona*, 451 U.S. 477 (1981); *Davis v. United States*, 512 U.S. 452 (1994)). The Court has explained that "if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect might be invoking the right to

SLIP OPINION

counsel, our precedents do not require cessation of questioning." *Higgins v. State*, 317 Ark. 555, 562, 879 S.W.2d 424, 427 (1994) (quoting *Davis v. United States*, 512 U.S. at 461)).

Sylvester argues that his statement—"[Y]eah, yeah --- yeah, I will have to get a lawyer present"—was an unambiguous and unequivocal request for counsel; therefore, the trial court erred in denying his motion to suppress the statement he made after he had invoked his right to counsel. The State responds that the trial court's ruling Sylvester's statement was a prospective response was not clearly against the preponderance of the evidence. The State, as did the trial court in its ruling, relied on *Baker v. State*.

In *Baker*, our supreme court found that Baker's reference to an attorney during questioning was ambiguous. *Baker*, 363 Ark. at 345, 214 S.W.3d at 243. There, Baker stated during his interview that he felt like he should not answer any more questions without having an attorney present. When Baker was asked to clarify his statement he answered, "I think I'm going to need one. I mean, it looks like that." The questioning continued without any references to an attorney, and in a subsequent interview Baker made an admission leading to his arrest. The court stated that Baker's response was prospective, indicating that he thought he might need an attorney at some point in the foreseeable future. In upholding the denial of the motion to suppress, the court held that because Baker was Mirandized before the interview and that his reference to an attorney was equivocal and ambiguous, his rights were not violated when the officers continued to question him. *Id.* at 345, 214 S.W.3d at 243.

The facts of the present case are analogous to *Baker*. During questioning and discussion with investigators about what he was going to be charged with, Sylvester said in

response, "Yeah, yeah --- yeah, I will have to get a lawyer present." Similar to the statement in *Baker*, this was a prospective response that Sylvester will need an attorney at some point in the future. Sylvester was Mirandized before the interview, and the reference to an attorney was ambiguous and equivocal. Based on these facts, the investigators did not violate Sylvester's right to counsel by continuing to question him. Therefore, the trial court's decision to deny Sylvester's motion to suppress was not clearly against the preponderance of the evidence.

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*Charlene Davidson Henry*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson*, Ass't Att'y Gen., for appellee.